# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA MARIE WAGNER, <br><br>  Plaintiff, <br><br> v. <br><br> TERUMO MEDICAL CORPORATION, <br><br>  Defendant. | Case No.: 18cv1007-MMA (MSB) <br><br> **ORDER GRANTING DEFENDANT TERUMO MEDICAL CORPORATION'S MOTION TO DISMISS** <br><br> [Doc. No. 11] |

On September 17, 2018, Plaintiff filed a First Amended Complaint ("FAC") alleging two causes of action for strict products liability and negligence against Defendant Terumo Medical Corporation ("Terumo").[1] *See* Doc. No. 9. Terumo now moves to dismiss Plaintiff's FAC for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 11-1. Plaintiff filed an opposition to Terumo's motion, to which Terumo replied. *See* Doc. Nos. 12, 13. The Court found the

---

[1] Terumo previously moved to dismiss Plaintiff's original Complaint. *See* Doc. No. 8. After Plaintiff filed her FAC, the Court denied as moot Terumo's Motion. *See* Doc. No. 10. In the instant motion, Terumo requests the Court award costs and attorney's fees incurred in filing the initial motion to dismiss. However, Federal Rule of Civil Procedure 15(a)(1) expressly permits Plaintiff to amend her Complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). As such, the Court **DENIES** Terumo's request for costs and attorney's fees.

matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 14. For the reasons set forth below, the Court **GRANTS** Terumo's motion to dismiss for lack of personal jurisdiction.

## B<small>ACKGROUND</small>[2]

Plaintiff Regina Wagner resides in San Diego, California. FAC ¶ 1. Defendant Terumo is a medical corporation incorporated in Delaware, with its principle place of business in New Jersey. Doc. No. 11-1 at 5.

Plaintiff had an Angio-Seal Vascular Closure Device ("Angio-Seal Device")[3] inserted into her right leg during a medical procedure. FAC ¶ 6. On or about May 18, 2016, Plaintiff's treating physicians informed her that the Angio-Seal Device had failed. *Id.* ¶ 7. The following day, Plaintiff's physician attempted to surgically correct the failed Angio-Seal Device, but was ultimately unsuccessful. *Id.* The failed device caused nerve damage to Plaintiff's right leg, resulting in Plaintiff's pain and suffering. *Id.* ¶ 10.

Plaintiff alleges Terumo "owned, controlled, assembled and/or manufactured the Angio-Seal Device." *Id.* ¶ 8. Plaintiff contends her injury is attributable "to a defect in the manufacturing or assembly process" of the Angio-Seal Device and/or Terumo's "failure to provide adequate warnings of danger(s) of said device." *Id.* ¶ 12. Plaintiff claims that she "was not provided or does not recall being provided any warnings" relating to the dangers of the Angio-Seal Device. *Id.* ¶ 9. Based on these allegations, Plaintiff commenced the instant action against Terumo, asserting two causes of action for strict products liability and negligence.

/ / /

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the FAC. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[3] The Angio-Seal Vascular Closure Device is used by surgeons to close arteries after certain medical procedures. *See Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 924 (5th Cir. 2006). The device places "a small plug of collagen on the outside of the artery wall to close [a] puncture site," which eliminates the need for manual compression to create clotting. *Id.*

**LEGAL STANDARD**

**1. Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction. On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in a complaint must be taken as true when a prima facie showing of personal jurisdiction is required. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). Conflicts between facts contained in the parties' affidavits must be resolved in favor of the party asserting jurisdiction when deciding whether there has been a prima facie showing of personal jurisdiction. *See Am. Tel. & Tel.*, 94 F.3d at 588.

The Court applies the personal jurisdiction law of the forum state where, as here, "there is no applicable federal statute governing personal jurisdiction[.]" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *see also* Cal. Civ. Proc. Code § 410.10. "California's long-arm jurisdictional statute is coextensive with federal due process requirements," and so under California law a court can exert personal jurisdiction over a defendant if doing so would be consistent with constitutional due process. *Dole Food Co.*, 303 F.3d at 1110. A court may exercise personal jurisdiction "over a non-resident defendant" without offending constitutional principles if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id*. at 1110-11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**2. Rule 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee*, 250 F.3d at 688. "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

///

# DISCUSSION

## A. Requests for Judicial Notice

As an initial matter, both parties request that the Court take judicial notice of several documents in support of their respective briefs. Neither party filed an opposition to the opposing party's request for judicial notice.

Generally, a district court's review on a 12(b)(6) motion to dismiss is "limited to the complaint." *Lee*, 250 F.3d at 688 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record." *Id.* at 689 (internal quotations omitted). Additionally, the Ninth Circuit recently held that when granting a request for judicial notice, the Court "must clearly specify what fact or facts it judicially noticed." *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). The Ninth Circuit further explained, "[a] court must also consider—and identify—which fact or facts it is noticing from such a transcript. Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its trust." *Id.*

### 1. Plaintiff's Request for Judicial Notice

Plaintiff requests the Court take judicial notice of various documents in support of her opposition to Terumo's motion to dismiss. *See* Doc. No. 12-1 (hereinafter "PRJN"). Specifically, Plaintiff requests the Court take judicial notice of the following four documents: (1) Exhibit A: Statement and Designation by Foreign Corporation; (2) Exhibit B: List of Locations on Terumo's Website; (3) Exhibit C: Business Search via California Secretary of State Website; and (4) Exhibit D: Brochure for Angio-Seal Device found on Terumo's Website. *See id.* at 2.[4]

The Court finds that Exhibit A is the proper subject of judicial notice because it is a matter of public record, filed with the California Secretary of State. *See* Fed. R. Evid. 201(b). Specifically, the Court takes judicial notice of the fact that Terumo is registered

---

[4] Citations to this document refer to the pagination assigned by the CM/ECF system.

as a foreign corporation with California and has designated an agent for service of process in the state. *See* PRJN at 4. Additionally, the Court finds that Exhibit B is also the proper subject of judicial notice, as Terumo's three affiliated offices in California, displayed on Terumo's website, can be readily and accurately determined. *See Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of statistics found on the NFL's website because such information can be readily determined). As such, the Court **GRANTS** Plaintiff's request for judicial notice as to Exhibits A and B.

With respect to Exhibit C, the Court need not rely on this exhibit in reaching its conclusion below. As such, the Court **DENIES AS MOOT** Plaintiff's request for judicial notice as to Exhibit C. Further, the Court finds that the accuracy of the information contained in the brochure, marked as Exhibit D, may be reasonably questioned. *See Vitaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007) ("marketing material is full of imprecise puffery that no one should take at face value"). Therefore, the Court **DENIES** Plaintiff's request for judicial notice with respect to Exhibit D.

**2. Terumo's Request for Judicial Notice**

Terumo requests the Court take judicial notice of the following three documents in support of its motion: (1) Exhibit 1: 1996 FDA Premarket Approval of Angio Seal; (2) Exhibit 2: 2018 FDA Premarket Approval of Angio Seal; and (3) Exhibit 3: The Federal Trade Commission's "(FTC")" decision and order in *Abbott Laboratories & St. Jude Medical, Inc.*, 1610126 F.T.C. C-6400 (Feb. 14, 2017). *See* Doc. No. 11-3 (hereinafter "DRJN").

With respect to Exhibits 1 and 2, the Court need not rely on either document in reaching its conclusion below. Thus, the Court **DENIES AS MOOT** Terumo's request for judicial notice as to Exhibits 1 and 2. However, the Court finds that Exhibit 3, a copy of the FTC's opinion in *Abbott* is the proper subject of judicial notice. *See POM Wonderful LLC v. Coca Cola Co.*, 166 F. Supp. 3d 1085, 1100 (C.D. Cal. 2016) (finding that a FTC opinion was admissible under Federal Rule of Evidence 201(b)). The Court

specifically takes judicial notice of Sections XX, YY, GGG, and HHH in the FTC's order, which indicate that Terumo Corporation acquired the rights to the Angio-Seal line of products in either December 2016 or January 2017. *See* DRJN at 20-21.[5] Accordingly, the Court **GRANTS** Terumo's request for judicial notice as to Exhibit 3.

**B.     Personal Jurisdiction**

Terumo moves to dismiss Plaintiff's claims for lack of personal jurisdiction on two grounds. First, Terumo argues that the Court lacks general personal jurisdiction because Terumo does not have systematic and continuous contacts with California. Second, Terumo contends that the Court similarly lacks specific personal jurisdiction because Plaintiff's claims fail to show how her alleged injuries arose out of or relate to Terumo's conduct in or directed at California. Plaintiff fails to specify whether the Court has general or specific personal jurisdiction over Terumo.[6] As such, the Court addresses both bases for personal jurisdiction.

   **1.  General Personal Jurisdiction**

Terumo argues that the Court lacks general personal jurisdiction because Terumo is incorporated in Delaware and has its principal place of business in New Jersey. *See* Doc. No. 11-1 at 5. Thus, Terumo contends it is not essentially at home in California. *See id*. at 15. Plaintiff opposes, arguing the Court has personal jurisdiction because: (1) Terumo is a registered foreign corporation with the state of California pursuant to California Corporations Code Section 2100; and (2) Terumo has affiliate locations in the state. *See* Doc. No. 12 at 4.

---

[5] Citations to this document refer to the pagination assigned by the CM/ECF system.

[6] For example, Plaintiff generally cites to California Code of Civil Procedure Section 410.10, California's long-arm statute, in support of her argument that the Court has personal jurisdiction over Terumo. *See* Doc. No. 12 at 9. Because California's long-arm statute "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," the Court must inquire whether the exercise of jurisdiction over Terumo "comports with the limits imposed by federal due process." *Daimler*, 571 U.S. 117, 125 (2014). Section 410.10, in and of itself, does not confer personal jurisdiction over Terumo.

Courts have general personal jurisdiction over nonresident defendants whenever the defendants' activities within the forum state are "continuous and systematic." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952). General jurisdiction has "an exacting standard … because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). Establishing general personal jurisdiction requires that the defendant's contacts with a forum be "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (internal quotations omitted). Typically, a corporation is "at home" only in those states where it is incorporated or has its principal place of business. *Daimler*, 571 U.S. at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139 n.19).

Here, Plaintiff's reliance on California Corporations Code Section 2100 to support general personal jurisdiction is misplaced. *See* PRJN at 4. Although Terumo's status as a registered foreign corporation in California is relevant to the personal jurisdiction inquiry, the Ninth Circuit has made clear that "California does not require corporations to consent to general personal jurisdiction in that state when they designate an agent for service of process or register to do business." *AM Trust v. UBS AG*, 681 F. App'x. 587, 588-89 (9th Cir. 2017); *see also Bristol-Myers Squibb Co. v. Super. Ct.*, 377 P.3d 874, 884 (Cal. 2016) ("The designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction.") (internal quotation marks omitted), *rev'd on other grounds*, 137 S. Ct. 1773 (2017). As such, Section 2100 does not provide a basis for general personal jurisdiction.

Moreover, Plaintiff's argument regarding Terumo's affiliate locations in the state is unpersuasive. *See* PRJN at 10. The Supreme Court has held even where a corporation's in state activities are in a sense "continuous and systematic," a court may not have

general personal jurisdiction over the corporation. *Daimler*, 571 U.S. at 138-39. The test is whether "a corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum state." *Id.* (internal citations and quotation omitted). The presence of Terumo's three affiliate locations in California, without more, does not confer general personal jurisdiction over Terumo. *See id.* at 136-38 ("[S]ubject[ing] foreign corporations to general jurisdiction whenever they have an in state subsidiary or affiliate" would be "unacceptably grasping"). Further, even if Plaintiff could show that Terumo conducted regular business in California, that fact would still be insufficient to render it "at home" in the state. *See id.* at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."). Accordingly, based on Plaintiff's allegations, and the present record, the Court concludes it lacks general personal jurisdiction over Terumo.

### 2. Specific Personal Jurisdiction

Second, Terumo argues the Court lacks specific personal jurisdiction because Plaintiff fails to allege facts that tie Terumo's conduct to California or to the Plaintiff's alleged injury. *See* Doc. No. 13 at 8. Terumo further contends that it did not own the rights to the Angio-Seal Device at the time of Plaintiff's alleged injury. Plaintiff opposes, asserting that the Court has specific personal jurisdiction because the alleged injury occurred in California.[7] *See* Doc. No. 12 at 9.

"[I]f a defendant has not had continuous and systematic contacts with the state

---

[7] Plaintiff also asserts that jurisdiction is proper pursuant to California Code of Civil Procedure Section 395.5. *See* Doc. No. 12 at 9. However, Section 395.5 is relevant to establish proper venue for a corporation, and does not confer specific jurisdiction over Terumo. *See S.E.C. v. Ross*, 504 F.3d 1130, 1140 n.11 (9th Cir. 2007) (noting that "the question of whether the court can exercise personal jurisdiction over a party is distinct from the question of whether venue will properly lie in the court exercising jurisdiction."); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 505 n.8 (9th Cir. 2000) (recognizing that "the issues involved in personal jurisdiction disputes are different from the issues involved in venue disputes").

sufficient to confer 'general jurisdiction,'" *Dole Food Co.*, 303 F.3d at 1111, specific personal jurisdiction may be established by showing the following:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger*, 374 F.3d at 802). Plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction. *Dole Food Co.*, 303 F.3d at 1108 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two separate and distinct concepts. Specifically, "[t]he exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot*, 780 F.3d at 1212. For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant has purposefully availed himself of the privilege of conducting business with the forum state. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). For claims sounding in tort, courts apply a "purposeful direction" test, and analyze whether the defendant "has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802-03). Because Plaintiff's FAC sounds in tort, the latter test is applicable.

Here, even assuming Plaintiff's allegation that Terumo "purposefully directed" its activities at California because she was injured in California is sufficient to meet the first prong of the specific personal jurisdiction test, the Court finds that Plaintiff has not met

her burden with respect to the second prong of the test. The second prong requires Plaintiff's claim to be one which "*arises out of* or *relates* to the defendant's forum-related activities." *Picot*, 780 F.3d at 1211 (emphasis added). The Ninth Circuit has "referred to the second prong of the specific jurisdiction test as a 'but for' test." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (quoting *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990)). "Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.'" *Id.* (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996)); *see also Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005) (noting that when analyzing specific personal jurisdiction, "contacts must generally be limited to those before and surrounding the accrual of the cause of action.").

Terumo Corporation[8] did not acquire ownership of the Angio-Seal line of products until the end of December 2016 or the beginning of January 2017. *See* DRJN at 20 (noting that the "Terumo Purchase Agreement" refers to the agreement between Abbott Laboratories and Terumo Corporation dated December 6, 2016, and the letter agreement with modifications dated January 5, 2017). Plaintiff claims that the Angio-Seal Device failed on or about May 18, 2016. FAC ¶ 7. Plaintiff alleges that her physician attempted to "surgically correct the failed" device the "following day," but the Angio-Seal Device "had already resulted in nerve damage to plaintiff's right leg, which has caused plaintiff pain and suffering to date." *Id.* ¶ 10. As Terumo points out, however, "it is factually impossible for Terumo to have manufactured or sold the product at issue," as Terumo acquired ownership of the products in late 2016 or early 2017. Doc. No. 11-1 at 6. Thus, because Plaintiff's injury occurred several months *prior* to Terumo's acquisition of the

---

[8] Terumo Medical Corporation, the Defendant in this action, is a wholly-owned subsidiary of Terumo Americas Holdings, Inc., which is a wholly-owned subsidiary of Terumo Corporation, a company publicly traded in Japan. *See* Doc. No. 2 at 2.

Angio-Seal line of products, Plaintiff fails to show a causal nexus between Terumo's activities in the forum and her injury.[9] Therefore, based on Plaintiff's allegations, and in considering the current record, the Court finds that it lacks specific personal jurisdiction over Terumo.[10]

### 3. Summary

In sum, the Court finds that Plaintiff has not met her burden of demonstrating that the Court has either general or specific personal jurisdiction over Terumo. Accordingly, the Court **GRANTS** Terumo's motion to dismiss pursuant to Rule 12(b)(2). However, the Court "cannot conclude that there are no circumstances under which personal jurisdiction over [Terumo] would be reasonable." *Primarch Mfg., Inc. v. At Large Nutrition, LLC*, No. 13-CV-3106 JM (KSC), 2014 WL 585632, at *5 (S.D. Cal. Feb. 14, 2014). Accordingly, dismissal is **without prejudice**, and Plaintiff may file an amended complaint clarifying the basis for the exercise of personal jurisdiction over Terumo. *See McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003) (noting that in the event of a jurisdictional defect, dismissal without leave to amend is proper only if it is clear that the complaint could not be saved by any amendment); *cf. Silicon Economics, Inc. v. Financial Accounting Foundation*, No. 10-CV-1939-LHK, 2010 WL 4942468, at *1 (N.D. Cal. Nov. 24, 2010) (dismissing for lack of personal jurisdiction without leave to amend where "the Plaintiff conceded at the hearing on this Motion that if the case were dismissed" for lack of personal jurisdiction, "it would not seek to allege additional facts supporting jurisdiction.").

In light of the Court's determination that based on the present record, it lacks

---

[9] As such, the Court need not address the third prong of the specific personal jurisdiction test, which shifts the burden to Terumo.

[10] Neither party addresses whether successor liability could serve as the basis for personal jurisdiction. *See Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *3 (N.D. Cal. Feb. 11, 2016) (noting that in California, a court "will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor[;] and (2) the successor company effectively assumed the subject liabilities of the predecessor.") (citation omitted)).

personal jurisdiction over Terumo, the Court declines to address Terumo's motion to dismiss pursuant to Federal Rule 12(b)(6).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Terumo's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), and **DISMISSES** Plaintiff's FAC **with leave to amend**. Plaintiff must file her amended complaint on or before **December 7, 2018**.

**IT IS SO ORDERED.**

Dated: November 20, 2018

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge