1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    REGINA MARIE WAGNER,                    Case No.: 18cv1007-MMA (MSB)

12                              Plaintiff,   **ORDER GRANTING DEFENDANTS'**
                                              **MOTION TO DISMISS**
13    v.                                      **PLAINTIFF'S SECOND AMENDED**
                                              **COMPLAINT**
14    ABBOTT LABORATORIES; and
      ABBOTT LABORATORIES, INC., d/b/a       [Doc. No. 24]
15    ABBOTT SALES, MARKETING &
      DISTRIBUTION CO.,
16
                              Defendants.
17

18

19          On December 7, 2018, Plaintiff Regina Marie Wagner ("Plaintiff") filed a Second

20    Amended Complaint against Defendants Abbott Laboratories and Abbott Laboratories,

21    Inc., d/b/a Abbott Sales, Marketing & Distribution Co. ("Defendants"), alleging two

22    causes of action for strict products liability and negligence. *See* Doc. No. 17 (hereinafter

23    "SAC").[1]  Defendants move to dismiss Plaintiff's SAC for lack of personal jurisdiction

24    pursuant to Federal Rule of Civil Procedure 12(b)(2), and for failure to state a claim

25    _____

26          [1] In filing her SAC, Plaintiff did not comply with Civil Local Rule 15.1, which requires that an
      amended pleading filed "after the granting of a motion to dismiss or motion to strike with leave to
27    amend must be accompanied by a version of that pleading that shows . . . how that pleading differs from
      the previously dismissed pleading."  CivLR 15.1.c.
28

                                              -1-                    18cv1007-MMA (MSB)

pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 24. Plaintiff filed an opposition, to which Defendants replied. *See* Doc. Nos. 25, 26. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 27. For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction.

## BACKGROUND[2]

Plaintiff Regina Marie Wagner resides in San Diego, California. SAC ¶ 1. Defendant Abbott Laboratories is an Illinois corporation, with its principal place of business in Illinois. *See* Doc. No. 24-1 at 1. Defendant Abbott Laboratories, Inc., d/b/a Abbott Sales, Marketing & Distribution Co. is a Delaware corporation, with its principal place of business in Illinois. *See id.* Defendant Abbott Laboratories Inc. is a wholly-owned subsidiary of Defendant Abbott Laboratories. *See* Doc. No. 23 at 2.

Plaintiff claims that on or about May 18, 2016, she learned from her treating physician that a medical device known as the Angio-Seal VIP Vascular Closure Device ("Angio-Seal Device")[3] deployed in her right leg during a prior surgery had failed. SAC ¶ 8. The following day, Plaintiff's physician attempted to surgically correct the failed device. *See id.* ¶ 11. However, the failed device had already caused nerve damage to Plaintiff's right leg, resulting in Plaintiff's pain and suffering to date. *Id.*

Plaintiff alleges Defendants "owned, controlled, sold, assembled, manufactured and/or distributed the Angio-Seal Device[.]" *Id.* ¶ 9. Plaintiff contends her injury is attributable to "a defect in the manufacturing or assembly process" of the Angio-Seal Device and/or Defendants' "failure to provide adequate warnings of the danger(s) of said

---

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the SAC. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

[3] The Angio-Seal Vascular Closure Device is used by surgeons to close arteries after certain medical procedures. *See Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 924 (5th Cir. 2006). The device places "a small plug of collagen on the outside of the artery wall to close [a] puncture site," which eliminates the need for manual compression to create clotting. *Id.*

18cv1007-MMA (MSB)

device." *Id.* ¶ 13.  Plaintiff claims that prior to the implantation of the Angio-Seal Device in her right leg, she was "not provided with any warnings of any kind" related to the dangers associated with the Angio-Seal Device." *Id.* ¶ 10.  Based on these allegations, Plaintiff commenced the instant action.

**LEGAL STANDARD**

**1.      Rule 12(b)(2)**

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal based on lack of personal jurisdiction.  On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Uncontroverted allegations in a complaint must be taken as true when a prima facie showing of personal jurisdiction is required.  *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).  However, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Systems Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).  Conflicts between facts contained in the parties' affidavits must be resolved in favor of the party asserting jurisdiction when deciding whether there has been a prima facie showing of personal jurisdiction.  *See Am. Tel. & Tel.*, 94 F.3d at 588.

The Court applies the personal jurisdiction law of the forum state where, as here, "there is no applicable federal statute governing personal jurisdiction[.]" *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *see also* Cal. Civ. Proc. Code § 410.10.  "California's long-arm jurisdictional statute is coextensive with federal due process requirements[.]" *Dole Food Co.*, 303 F.3d at 1110.  A court may exercise personal jurisdiction "over a non-resident defendant" without offending constitutional principles if that defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 1110-11 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

## 2.    Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*; *see also Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998). Where dismissal is appropriate, a court should

grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

### DISCUSSION

**1. Defendants' Request for Judicial Notice**

As an initial matter, Defendants request the Court take judicial notice of the following four documents in support of its motion: (1) Exhibit 1: the FDA's 1996 premarket approval of the first Angio-Seal product; (2) Exhibit 2: the FDA's 2018 approval of a supplement to the Angio-Seal VIP product; (3) Exhibit 3: the Form 8-K for St. Jude Medical, LLC dated January 4, 2017; and (4) Exhibit 4: a news article entitled "Terumo Completes Acquisition of Certain Abbott and St. Jude Medical Assets," dated January 24, 2017. *See* Doc. No. 24-4 at 1. Plaintiff did not file an opposition to Defendants' request for judicial notice.

Generally, a district court's review on a motion to dismiss is "limited to the complaint." *Lee*, 250 F.3d at 688 (quoting *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)). However, "a court may take judicial notice of matters of public record." *Id.* at 689 (internal quotations omitted). Additionally, the Ninth Circuit has indicated that in granting a request for judicial notice, courts must "clearly specify what fact or facts it judicially noticed[.]" *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

With respect to Exhibits 1, 2, and 4, the Court need not rely on these documents in reaching its conclusion below. As such, the Court **DENIES AS MOOT** Defendants' request for judicial notice as to Exhibits 1, 2, and 4. However, the Court finds that Exhibit 3, a copy of the Form 8-K for St. Jude Medical, LLC, is the proper subject of judicial notice. *See McManus v. McManus Fin. Consultants, Inc.*, 552 F. App'x 713, 714 (9th Cir. 2014) (taking judicial notice of contents in Form 8-K document filed with the SEC). Specifically, the Court takes judicial notice of the date on which Defendant Abbott Laboratories acquired St. Jude Medical, Inc. *See* Doc. No. 24-5 (hereinafter

"RJN") at 11.[4]  Accordingly, the Court **GRANTS** Defendants' request for judicial notice as to Exhibit 3.

**2.    Personal Jurisdiction**

In the SAC, Plaintiff generally asserts the Court has personal jurisdiction over Defendants, but does not specify between general or specific personal jurisdiction.[5] Defendants argue Plaintiff fails to establish the Court has either general or specific personal jurisdiction.  *See* Doc. No. 24-1 at 6-7.  In her opposition, Plaintiff clarifies that the Court has specific personal jurisdiction because Defendants directed their activities at the forum state.  *See* Doc. No. 25 at 4-5.  As such, the Court proceeds to analyze the parties' specific personal jurisdiction arguments.[6]

"[I]f a defendant has not had continuous and systematic contacts with the state sufficient to confer 'general jurisdiction,'" *Dole Food Co.*, 303 F.3d at 1111, specific personal jurisdiction may be established by showing the following:

> (1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the

---

[4]  Citations to this document refer to the pagination assigned by the CM/ECF system.

[5]  For example, Plaintiff generally cites to California Corporations Code § 2100, and California Code of Civil Procedure §§ 395.5 and 410.10.  *See* SAC ¶ 2.  For the reasons set forth in the Court's prior order, these provisions do not confer personal jurisdiction.  *See* Doc. No. 16 at 7-9.  Plaintiff further cites to Federal Rule of Civil Procedure 4(k)(1)(A).  *See* SAC ¶ 2.  However, Rule 4(k)(1)(A) provides that where, as here, "no applicable federal statute authorizes personal jurisdiction, a district court applies the law of the state where the court sits." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 950 (N.D. Cal. 2017).  Thus, Rule 4(k)(1)(A) does not, in and of itself, confer personal jurisdiction.

[6]  In any event, the Court lacks general jurisdiction over Defendants because Defendants' contacts with California are not "so substantial, continuous, and systematic that the defendant can be deemed to be present in that forum for all purposes." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (internal quotations omitted).

> defendant's forum-related activities; and (3) the exercise of
> jurisdiction must comport with fair play and substantial justice,
> i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).  Plaintiff bears the burden of satisfying the first two prongs of the test for specific jurisdiction.  *Dole Food Co.*, 303 F.3d at 1108 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)).

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two separate and distinct concepts.  Specifically, "[t]he exact form of our jurisdictional inquiry depends on the nature of the claim at issue."  *Picot*, 780 F.3d at 1212.  For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant has purposefully availed himself of the privilege of conducting business with the forum state.  *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).  For claims sounding in tort, courts apply a "purposeful direction" test, and analyze whether the defendant "has directed his actions at the forum state, even if those actions took place elsewhere."  *Id.*  (citing *Schwarzenegger*, 374 F.3d at 802-03).  Because Plaintiff's SAC sounds in tort, the latter test is applicable.

Here, Plaintiff asserts that Defendants "purposefully directed" their activities at California through marketing and sales efforts related to the Angio-Seal Device, and because the Angio-Seal Device was "deployed in plaintiff's leg in California."  Doc. No. 25 at 5.  Even assuming Plaintiff's allegations are sufficient to satisfy the first prong of the specific jurisdiction test, Plaintiff has not met her burden with respect to the second prong of the test.  The second prong requires Plaintiff's claim to be one which "*arises out of* or *relates* to the defendant's forum-related activities."  *Picot*, 780 F.3d at 1211 (emphasis added).  The Ninth Circuit has "referred to the second prong of the specific jurisdiction test as a 'but for' test."  *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) (quoting *Shute v. Carnival Cruise Lines*, 897

F.2d 377, 385 (9th Cir. 1990), *rev'd on other grounds*, *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991)). "Under the 'but for' test, 'a lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action.'" *Id.* (quoting *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 894 (9th Cir. 1996)); *see also Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005) (noting that when analyzing specific personal jurisdiction, "contacts must generally be limited to those before and surrounding the accrual of the cause of action.").

Plaintiff summarily states that Defendants "owned, controlled, sold, assembled, manufactured and/or distributed the Angio-Seal Device" at the time of Plaintiff's injury. SAC ¶ 9. However, Defendants Abbott Laboratories and Abbott Laboratories, Inc. never "owned, manufactured, or sold the Angio-Seal line products." Doc. No. 24-1 at 7. On January 4, 2017—nearly eight months *after* Plaintiff discovered the failed Angio-Seal device in her leg—Defendant Abbott Laboratories acquired St. Jude Medical, Inc.[7] *See* RJN at 11. Prior to the acquisition, St. Jude Medical, Inc. manufactured, marketed, promoted, and sold Vascular Closure Devices under the Trademark Angio-Seal™. *See* Doc. No. 11-3[8] at 21.[9] Defendants explain that St. Jude Medical, Inc. merged in two steps with a subsidiary of Abbott Laboratories, forming a new entity, St. Jude Medical, LLC, which is a wholly-owned subsidiary of Abbott Laboratories. *See* RJN at 11. However, "St. Jude Medical, LLC and its affiliates . . . never became assets (or liabilities) of Abbott Laboratories, the parent corporation, let alone of Abbott Laboratories, Inc., a subsidiary that was not involved in any of the transactions at issue." Doc. No. 24-1 at 9.

---

[7] As Defendants note, Defendant Abbott Laboratories, Inc. "was not even a party to the transaction with St. Jude[.]" *Id.* at n.4.

[8] The Court previously took judicial notice of this document—a copy of the FTC's opinion in *Abbott*—in ruling on Defendant Terumo Medical Corporation's Motion to Dismiss. *See* Doc. No. 16 at 7. The Court specifically took judicial notice of Section HHH, which describes St. Jude's relationship to the Angio-Seal products. *See id.*

[9] Citations to this document refer to the pagination assigned by the CM/ECF system.

Plaintiff does not respond to Defendants' arguments, aside from claiming, without explanation, that she "was led to reasonably believe that ABBOTT [wa]s the owner/controller of the Angio-Seal Device at the time of plaintiff's injury[.]" Doc. No. 25 at 2. Therefore, in considering the present record, the Court finds that Plaintiff fails to show a causal nexus between Defendants' activities in the forum and her injury. *See Dole Food Co.*, 303 F.3d at 1108.

Additionally, the Court noted in its prior order that the parties did not address whether successor liability could serve as the basis for specific personal jurisdiction in this case. *See* Doc. No. 16 at 12 n.10. Courts "will have personal jurisdiction over a successor company if (1) the court would have had personal jurisdiction over the predecessor[;] and (2) the successor company effectively assumed the subject liabilities of the predecessor." *Lefkowtiz v. Scytl USA*, No. 15-cv-05005-JSC, 2016 WL 537952, at *3 (N.D. Cal. Feb. 11, 2016) (quoting *CenterPoint Energy, Inc. v. Superior Court*, 69 Cal. Rptr. 3d 202, (Ct. App. 2007)); *see also Successor Agency to Former Emeryville Redevelopment Agency and City of Emeryville v. Swagelock Co.*, No. 17-cv-308-WHO, 2019 WL 377747, at *6 (N.D. Cal. Jan. 30, 2019) (utilizing theory of successor liability to determine whether the plaintiff's claim arises out of or relates to the defendant's contacts with the forum).

Defendants argue that "Abbott Laboratories' purchase of the previous owner of the Angio-Seal products" cannot serve as the basis for jurisdiction, because it "did not assume the liabilities associated with the Angio-Seal products[.]" Doc. No. 24-1 at 9. Defendants maintain that St. Jude Medical, LLC is the successor to St. Jude Medical, Inc. *See id.* at 8; *see also* RJN at 11. Plaintiff does not allege that Defendant Abbott Laboratories assumed the liabilities associated with the Angio-Seal products, nor does Plaintiff respond to Defendants' argument regarding successor liability. As such, Plaintiff fails establish that her claims arise out of or relate to Defendants' contacts with the forum based on a theory of successor liability. *See Dole Food Co.*, 303 F.3d at 1108.

/ / /

In sum, the Court finds that Plaintiff has not met her burden of establishing that the Court has personal jurisdiction over Defendants. Even if Plaintiff could satisfy the first prong of the specific personal jurisdiction test, Plaintiff fails to show that her claims arise out of or relate to Defendants' forum-related activities. *See Picot*, 780 F.3d at 1211. Accordingly, the Court concludes that it lacks personal jurisdiction over Defendants, and **GRANTS** Defendants' motion to dismiss pursuant to Rule 12(b)(2). In light of the Court's determination that it lacks personal jurisdiction over Defendants, the Court declines to address Defendants' Rule 12(b)(6) arguments.

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), and **DISMISSES** Plaintiff's SAC without leave to amend.[10]


**IT IS SO ORDERED.**


Dated: February 21, 2019

HON. MICHAEL M. ANELLO
United States District Judge

---

[10] The Court previously granted Plaintiff leave to file an amended complaint to "clarify[] the basis for the exercise of personal jurisdiction[.]" Doc. No. 16 at 12. Despite naming two new defendants, Plaintiff has again failed to establish personal jurisdiction over Defendants. Moreover, Plaintiff does not indicate that she can allege additional facts to support the Court's exercise of personal jurisdiction. Thus, the Court finds leave to amend would be futile. *See McKesson HBOC, Inc. v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003).